FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 JAN 31  PM 1:58

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BARBARA M. MCKENNA AND<br>WILLIAM V. MCKENNA, JR. | CIVIL ACTION<br>NO. 06-9560 |
| VERSUS | |
| STATE FARM FIRE AND CASUALTY<br>INSURANCE COMPANY, BOB EISENBRAUN,<br>AGENT ET. AL. | SECTION M |

### ORDER

Before the Court is Plaintiffs' Motion to Remand which is opposed by the Defendants and which came for hearing on January 31, 2007, on the briefs. After consideration of the motion, the opposition, the briefs and the applicable law, the Court denies the Motion.

Plaintiffs Barbara McKenna and William McKenna are owners of property located at 2820 Mayflower Street in Mereaux, Louisiana. They purchased a flood insurance policy as well as a homeowner's insurance policy with State Farm Fire and Casualty Insurance Company (State Farm) and State Farm agent Bob Eisenbraun. The McKenna's allege that for years preceding the issuance of their current policies, they have done business with Eisenbraun securing various policies of insurance. They allege that Eisenbraun advised and recommended various policies of insurance, and that at all times they advised

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____

Eisenbraun that they wanted insurance coverage comparable to the actual value of their property, and that they requested both policies provide comparable coverage.

Plaintiffs allege that Hurricane Katrina caused serious and devastating damage to their home that were beyond the limits of coverage provided for their dwelling and personal property loss. Plaintiffs allege that they were paid under the flood policy rather than the homeowners' policy, and therefore, received only the lower coverage amounts.[1]

However, Plaintiffs present no evidence that they specifically requested Eisenbraun to procure additional flood insurance coverage for them. Eisenbraun testified that he procured the flood insurance in 1997 and has not had any further conversations with the McKennas regarding specific coverage amounts of the flood policy. As such, Plaintiffs fail to state a viable cause of action against Eisenbraun, and he is, therefore, improperly joined.

Accordingly, Plaintiffs Motion for Remand is **DENIED**.

New Orleans, Louisiana, this 31st day of January, 2007.

Peter Beer
United States District Judge

---

[1] The McKenna's homeowners' policy provided for dwelling coverage of $115,000, dwelling extension coverage of $11,000, and personal property coverage of $86,625, while their flood policy provided $102,000 for dwelling coverage and $48,500 for personal property.